

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-10-2007

# Mauro v. Beil

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2065

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Mauro v. Beil" (2007). *2007 Decisions.* Paper 1787.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1787

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2065
_____

JOHN P. MAURO,
Appellant

v.

JEAN BEIL, an individual;
DENNIS KUCMYDA, an individual;
DOUG SUSAN, an individual;
R. SUSON TILLMAN-TAYLOR, an individual

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civil No. 05-cv-05791)
District Judge:  Honorable Faith S. Hochberg
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
November 30, 2006

Before: RENDELL, SMITH and COWEN, <u>Circuit Judges</u>.

(Filed January 10, 2007)
_____

OPINION OF THE COURT
_____

PER CURIAM

        John Mauro appeals the dismissal of his civil rights complaint by the United States

District Court for the District of New Jersey.  We will dismiss the appeal pursuant to 28

U.S.C. 1915(e)(2)(B).

## I.

According to Mauro's complaint, the defendant employees of Catholic Charities violated his Fourth Amendment right to be free from unreasonable searches and seizures. Mauro alleges that the defendants made him "submit to a search of his person" and "threatened to secure the termination of [his] employment" in an effort to demonstrate their superiority to Mauro. Mauro also asserts that, in doing this, the defendants "acted on a pretext that they were special prosecutors."

The defendants filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). After Mauro submitted a brief in opposition and the defendants replied, the District Court granted the motion. Mauro now appeals the District Court's judgment.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. When reviewing a District Court's order granting a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), we must accept as true all factual allegations in the complaint, and all reasonable inferences that can be drawn from them. See Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988). In order to establish a claim under 42 U.S.C. § 1983, Mauro must show that there was (1) a violation of a federally protected constitutional or statutory right, (2) by state action or action under color of state law. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1264 (3d Cir. 1994). Private actors may be deemed to

2

have acted under color of state law if their conduct is fairly attributable to the state. <u>See</u> <u>Rendell-Baker v. Kohn</u>, 457 U.S. 830, 838 (1982).

Here, the defendants are not state actors, nor did they act under color of state law. Even if true, Mauro's allegations that the defendants pretended that they were somehow affiliated with law enforcement for the state of New Jersey, does not suffice to make their conduct attributable to the state. <u>See</u>, <u>e.g.</u>, <u>Lugar v. Edmonson Oil Co.</u>, 457 U.S. 922, 937 (1982).

We agree with the District Court that Mauro can prove no set of facts in support of his claim which would entitle him to relief. Accordingly, the appeal is without legal merit and we will dismiss it pursuant to § 1915(e)(2)(B).